UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., | ) ) ) ) | |
| | ) | Civil Action No. 3: 08-58-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | |
| TODD HOLLENBACH, In His Official Capacity as Treasurer of the Commonwealth of Kentucky, | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Todd Hollenbach requests reconsideration of this Court's earlier decision [Record No. 54] invalidating a legislative enactment under the Due Process clause of the 14th Amendment.  The legislation, K.R.S. § 393.060(2), shortened the presumptive abandonment period of traveler's checks from fifteen to seven years.  Plaintiff American Express challenged K.R.S. § 393.060(2) as an unconstitutional deprivation of private property – the private property at issue being the investment funds derived from the traveler's checks before they are cashed or abandoned.  Hollenbach now seeks to defeat that challenge one more time, through a motion to alter, amend or vacate the Court's judgment.  [Record No. 56]  The motion will be denied for the reasons discuss below.

## I.        Analysis

The standard for a motion to alter, amend or vacate the judgment under Fed. R. Civ. P. 59(e) is high.  As Hollenbach points out, such a motion is "not a vehicle to re-hash old arguments."  However, Hollenbach presents no new arguments, caselaw, or evidence.  The following are grounds for granting a Rule 59(e) motion: a clear error of law, newly discovered evidence, an intervening change in controlling law or a need to prevent manifest injustice. *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006).  None of these grounds have been alleged.  Instead, Hollenbach misstates the Court's analysis and indeed, re-hashes old arguments.  Contrary to his repackaged arguments, rational basis analysis was applied to American Express's due process claim and the analysis involved no impermissible "burden-shifting."

Under rational basis review, the question is whether the legislation at issue "is rationally related to legitimate government interests."  *Bowman v. United States*, 564 F.3d 765, 776 (6th Cir. 2008) (internal citations omitted).  K.R.S. § 393.060(2) suffers from a fatal flaw: it was not enacted to further a "legitimate" state interest.  Instead, it was enacted to raise revenue for the state.  This fact was not only admitted to by the Treasurer, but also determined in a state court action in which the validity of the legislation was challenged under state laws.  The legislative history also shows that the legislation was a revenue-raising measure.  Hollenbach presented no evidence refuting this fact, and instead, simply asserted in briefs submitted to the Court that the legislation was meant to reunify citizens with their lost property.  In arguing that this reason should be accepted on its face, and in fact, that the state is not obligated to provide a purpose for

-2-

the legislation at all, Hollenbach cites several Sixth Circuit and Supreme Court cases, beginning with the landmark decision in *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483 (1955).

In *Williamson*, the state enacted legislation outlawing opticians from fitting duplicating frame lenses without the written prescriptive authority of a licensed state ophthalmologist or optometrist. As one constitutional scholar has observed, "[i]n all likelihood, the Oklahoma law was adopted to protect business for optometrists and ophthalmologists and was not motivated by a desire to improve health." ERWIN CHEMERINSKY, CONSTITUTIONAL LAW PRINCIPLES AND POLICIES 602 (2d ed. 2002). However, the Supreme Court upheld the law and stated that "the law need not be in every respect logically consistent with its aims to be constitutional. . . . [F]or protection against abuses by legislatures the people must resort to the polls, not to the courts." *Williamson*, 348 U.S. at 488. In *Williamson*, and later cases addressing substantive due process violations, courts have rarely invalidated state laws that interfered with the business and industry of its own citizens, regardless of how "unwise" these laws may seem. *See Ferguson v. Skrupa*, 372 U.S. 726 (1963); *Turner v. Elkhorn Mining Co.*, 428 U.S. 1 (1976). In *Ferguson*, Kansas prohibited persons from engaging in the business of debt adjusting except where such business was incident to the practice of law. Even though the effect of the law was to create a monopoly for lawyers in the business of debt adjusting, the law was constitutional because it was rationally related to some conceivable legitimate purpose. *Ferguson*, 372 U.S. at 729.

These cases and others cited by Hollenbach certainly appear to support his position that the Kentucky legislature is not required to furnish a legitimate purpose for K.R.S. §393.060(2).

Accordingly, this Court would be bound by precedent to uphold the law as long as there were some conceivable, government aim. However, there is a key difference between this case and the other substantive due process cases cited. Here, the state has enacted a law that has the effect of contributing to the state's own revenue. As stated in the earlier decision granting summary judgment in favor of American Express, "[c]omplete deference to a legislative assessment of reasonableness and necessity is not appropriate [where] the State's self-interest is at stake." *U.S. Trust Co. of New York v. New Jersey*, 431 U.S. 1, 25-26 (1977). Because K.R.S. § 393.060(2) serves to directly benefit the state financially, the state's self-interest is clearly at stake.

Hollenbach properly points out that federal courts should not interfere with states' regulation of internal commercial and business affairs. But when that regulation is enacted solely to contribute to the state's own coffers, it must be viewed with some suspicion even under the permissive rational basis test. "A government entity can always find a use for extra money, especially when taxes do not have to be raised." *Id*.

In summary, Hollenbach simply has not established that K.R.S. § 393.060 was enacted to further a legitimate government purpose. The law was enacted to raise revenue for the state and, as a result, shortening the abandonment period has no rational relation to reuniting citizens with their lost property. K.R.S. § 393.060 does not pass constitutional muster under rational basis review.

## II.    Conclusion

Hollenbach has not established any grounds for modifying the Court's earlier decision. Accordingly, it is hereby

-4-

**ORDERED** that the motion to alter, amend, or vacate judgment [Record No. 56] is **DENIED**.

This 30th day of July, 2009.



Signed By:

_Danny C. Reeves_

United States District Judge